SCOTT ALAN BURROUGHS, ESQ. (SBN 235718)
scott@donigerlawfirm.com
ANDRES NAVARRO, ESQ. (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WONG ZHI XIN d/b/a "ATELIER EUMORI,"<br><br>Plaintiff,<br><br>v.<br><br>TIKTOK, INC., a California Corporation; Businesses of Form Unknown selling to the public as "BICOW," "QINGQI PINS STORE," "NEW YOU PR CORPORATION," "VINCNZI," "UNCLE TAO JEWELRY," "STYLEGLO," "XU YUN JEWELRY," "FTCY JEWELRY," "Y.XILIO," "TREND CAPTURE"; and Does 1-20;<br><br>Defendants. | Case No.: _______________<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br>3. VIOLATIONS OF 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Wong Zhi Xin d/b/a Atelier Eumori (collectively, "Eumori" or "Plaintiff"), by and through undersigned counsel, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that Defendant TikTok, Inc. maintains its principal place of business in this District, a substantial part of the acts and omissions giving rise to the claims herein occurred in this District, and this Court has personal jurisdiction over Defendants.

## PARTIES

4. Plaintiff Wong Zhi Xin, an individual doing business as "Atelier Eumori," is an independent designer and design studio that creates, manufactures, and sells original enamel pins and accessories.

5. Upon information and belief, Eumori alleges that Defendant TikTok, Inc. ("TikTok") is a California corporation, having its principal place of business at 5800 Bristol Parkway, Culver City, California 90230, and is doing business within this District. Upon information and belief, TikTok owns and operates the TikTok

social media site and the integrated e-commerce marketplace known as “TikTok Shop” in the United States.

6. Defendants Does 1 through 20, inclusive, are other parties not yet identified who have infringed Eumori’s copyrights, have contributed to the infringement of Eumori’s copyrights, or have engaged in one or more of the wrongful practices alleged herein, including without limitation the merchants, storefronts, suppliers, and manufacturers offering the Infringing Works (defined below) for sale through TikTok Shop under the storefront names “Bicow,” “Qingqi Pins Store,” “New You Pr Corporation,” “Vincnzi,” “Uncle Tao Jewelry,” “StyleGlo,” “Xu Yun Jewelry,” “FTCY Jewelry,” “Y.xilio,” and “Trend Capture.” Their true names, whether corporate, individual or otherwise, are presently unknown to Eumori, who therefore sues said Defendants by such fictitious names and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained. Presently, it is alleged that “Bicow,” “Qingqi Pins Store,” “New You Pr Corporation,” “Vincnzi,” “Uncle Tao Jewelry,” “StyleGlo,” “Xu Yun Jewelry,” “FTCY Jewelry,” “Y.xilio,” and “Trend Capture” are business entities of form unknown involved in the manufacturing, marketing, and sales of infringing products in the TikTok Shop.

7. Eumori is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was

at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Eumori's rights and the damages to Eumori proximately caused thereby.

## **CLAIMS RELATED TO EUMORI'S WORK**

8. Eumori is an independent design studio renowned for its original, interactive enamel pin designs. Among Eumori's best-known creations is the "My Social Battery" enamel pin, an original work featuring a functional sliding indicator that allows the wearer to display their current "social battery" level along a color gradient (the "Subject Work"). The Subject Work as currently depicted on Plaintiff's website is set forth below:

///

///

///

| **Subject Work** |
| --- |
|  |

9. The Subject Work was independently created by Eumori and is the subject of a United States Copyright Office Registration. Eumori is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Work.

10. The Subject Work achieved substantial commercial success and widespread recognition, including viral popularity across social media platforms, including TikTok, and has been sold by Eumori directly to consumers through its website and authorized channels. Eumori's commercial success and stability are dependent on the protection of its work.

11. Upon information and belief, TikTok owns, operates, and controls TikTok Shop, an e-commerce marketplace integrated directly into the TikTok site and digital application (or "app"). TikTok Shop is an active commercial enterprise

through which TikTok markets and sells product. Upon information and belief, TikTok promotes, and algorithmically recommends product listings to users; advertises listings across its site and app; processes and collects payment from consumers; collects commissions, referral fees, and other revenue on each sale; handles customer support; provides coupons; and administers shipping, and returns programs.

12. Upon information and belief, Defendants, and each of them, had access to the Subject Work, including through the Subject Work's viral popularity on the TikTok platform itself, Eumori's online profiles, Eumori's social media accounts, and/or through viewing the Subject Work on Eumori's website. Access is additionally evidenced by the Subject Work's near-exact reproduction in the Infringing Works.

13. Upon information and belief, Defendants, and each of them, including without limitation, TikTok, "Bicow," "Qingqi Pins Store," "New You Pr Corporation," "Vincnzi," "Uncle Tao Jewelry," "StyleGlo," "Xu Yun Jewelry," "FTCY Jewelry," "Y.xilio," and "Trend Capture," have willfully copied, reproduced, manufactured, imported, advertised, marketed, promoted, distributed, displayed, offered for sale, and sold unauthorized reproductions of the Subject Work through no fewer than ten (10) separate listings on TikTok Shop (the "Infringing Works"). Eumori has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works from the Subject Work.

14. The scale of the infringement is staggering. Per TikTok Shop's own published sales counters, the Infringing Works have collectively sold in excess of 85,000 units, including individual listings reflecting 35,200, 25,000, and 12,000 units sold, respectively.

15. Eumori, through a qualified agent, has repeatedly notified TikTok of the infringing listings, including through Digital Millennium Copyright Act ("DMCA") takedown notices. TikTok removed certain listings in response to the DMCA notices, confirming its receipt of Eumori's notices and its right and ability to control the infringing conduct. Yet, it is alleged, upon information and belief, that TikTok has ignored the vast majority of the DMCA Notices and failed to remove the items that are the subject of those notices within a reasonable time. To the contrary, TikTok permitted numerous other infringing listings to remain live, continued to promote and profit from those listings, and failed to take reasonable measures to prevent further infringement.

## INFRINGING WORKS

16. True and correct screen captures of the Infringing Works, as offered for sale and sold in the TikTok Shop, are depicted below alongside the storefront names under which they were sold. These screen captures represent non-inclusive exemplars of the Infringing Works:

**Bicow:**


TikTok Shop
Orders
Sell
More
$6.99
$4.50 shipping on this order
Social Battery Pin - 2 Pack Slider Pins for Introverts, Funny Interactive Mood Pins for Jackets & Backpacks - Novelty Cowboy Accessories for Men, Cute Gifts for Girlfriend, Wife, Her [Novelty Accessories]
MY SOCIAL BATTERY
3.8
PACK:
3.7 775 global reviews
Quantity:
Add to cart
Coupon center
Log in to check your coupons
Shipping & returns
Shipping & delivery
Returns made easy
Sort by
Filter by
C**e · Verified purchase

**Qingqi Pins Store:**



**New You Pr Corporation:**



**Vincnzi:**


3/31/26, 10:11 PM
2 Pack Social Battery Slider Pin - Interactive Mood Pin for Introverts, My Battery mood Creative Lapel Pin, Fun Enamel Emotional ...
TikTok Shop
Orders
Sell
More
MY SOCIAL BATTERY
$10.10
$3.99 shipping on this order
2 Pack Social Battery Slider Pin - Interactive Mood Pin for Introverts, My Battery mood Creative Lapel Pin, Fun Enamel Emotional Pin 14 Days A Week - Novelty Accessories & Cute Gifts for Friends
Specification:
Quantity:
3.7 52 global reviews
Add to cart
Coupon center
Log in to check your coupons
Shipping & returns
Shipping & delivery
Returns made easy
Sort by
Filter by
TikTok Shop protections

**Uncle Tao Jewelry:**



**StyleGlo:**

*(Listing removed following Eumori's notice)*



**Xu Yun Jewelry:**



**FTCY Jewelry:**

*(Listing removed following Eumori's notice)*



**Y.xilio:**


3/31/26, 10:34 PM
2 Pack Social Battery Slider Pin - Interactive Mood Pin for Introverts, Funny Social Battery Creative Badge for Jackets & Backpack...
TikTok Shop
Orders
Sell
More
Spring Sale 2 Pack Social Battery Slider Pin - Interactive Mood Pin for Introverts, Funny Social Battery Creative Badge for Jackets & Backpacks - Novelty Accessories & Cute Gifts for Friends, Her
MY SOCIAL BATTERY
Color:
Quantity:
Add to cart
4.5 402 global reviews
Coupon center
Log in to check your coupons
Shipping & returns
Shipping & delivery
Returns made easy
TikTok Shop protections
Sort by
Filter by
Reset filters
A**e S**h - Verified purchase
If i could give a 0, I would. The back is completely

**Trend Capture:**




17. As reflected above, Defendants copied the sculptural configuration, graphic elements, color combination, line renderings, motifs, interactive slider

mechanism presentation, and overall expression of the Subject Work, in many instances reproducing the Subject Work in its entirety, down to the "MY SOCIAL BATTERY" legend and lightning-bolt indicator.

18. The Infringing Works are commercial in nature, as they reflect Defendants', and each of their, promotional and sales efforts, and each of the exemplar listings was advertised, promoted, offered for sale, and sold through TikTok Shop for Defendants' direct commercial benefit.

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement – Against all Defendants, and Each)

19. Eumori repeats, re-alleges, and incorporates by reference the allegations set forth in the preceding paragraphs as though fully stated herein.

20. Upon information and belief, Eumori alleges that Defendants, and each of them, accessed the Subject Work by, without limitation, viewing the Subject Work as it was publicly displayed on Eumori's website, the TikTok site, other webstores or sites, or social media. Access is additionally evidenced by the Subject Work's near-exact reproduction in the Infringing Works.

21. Upon information and belief, Eumori alleges that Defendants, and each of them, copied, reproduced, displayed, advertised, distributed, and sold the Subject Work, and created infringing derivative works therefrom, as seen, without limitation, in the screen captures herein, all without Eumori's authorization or consent.

22. Upon information and belief, TikTok's conduct with respect to the Infringing Works was volitional and went far beyond passive hosting, including without limitation TikTok's display, promotion, algorithmic recommendation, and advertisement of the Infringing Works, its processing of payments therefor, its participation in the fulfillment and distribution thereof, and its retention of commissions and fees on each infringing sale.

23. Due to Defendants', and each of their, acts of infringement, Eumori has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Eumori's rights in the Subject Work. As such, Eumori is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Eumori's rights in the Subject Work in an amount to be established at trial.

25. Upon information and belief, Eumori alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious—including infringement that continued after Eumori's takedown notices—which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

26. Eumori repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

27. Upon information and belief, Eumori alleges that Defendants knowingly induced, participated in, aided and abetted in, materially contributed to, and profited from the illegal reproduction, distribution, and sale of the Subject Work as alleged hereinabove. Such conduct included, without limitation: hosting, displaying, promoting, and algorithmically amplifying the Infringing Works on TikTok Shop; providing the marketplace, payment processing, logistics, advertising, and consumer-protection infrastructure through which the Infringing Works were sold; and continuing to do so after receiving actual knowledge of the infringement through Eumori's takedown notices.

28. Upon information and belief, Eumori alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise and control the infringing conduct—as demonstrated by, inter alia, TikTok's removal of certain infringing listings upon notice—and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue, commissions, and fees in connection

with the Infringing Works, and were able to supervise the listing, promotion, distribution, and sale of said content.

29. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Eumori has suffered general and special damages in an amount to be established at trial.

30. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Eumori's rights in the Subject Work. As such, Eumori is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Work, in an amount to be established at trial.

31. Upon information and belief, Eumori alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **THIRD CLAIM FOR RELIEF**

(For Violations of 17 U.S.C. §1202(a), (b), and (c) – Against all Defendants, and Each)

32. Eumori repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33. Eumori regularly adds copyright management information ("CMI") to the Subject Work in the form of its brand name, as can be seen in the representative sample, taken from its current website, below:

| **CMI Exemplar** |
|---|
|  |



34. Defendants, and each of them, violated 17 U.S.C. § 1202 by knowingly removing Eumori's CMI from the Subject Work before creating the Infringing Products with an intent to conceal and facilitate their own infringement.

35. Defendants and each of them violated 17 U.S.C. § 1202 by knowingly adding and using false CMI to and around the Infringing Works, including by adding their own brand names to the Infringing Works and marketing and sales pages relating to those works.

36. Defendants and each of them violated 17 U.S.C. § 1202 by knowingly marketing, displaying, and distributing the Infringing Works knowing they included false CMI on and around the Infringing Works.

37. In connection with the Infringing Works, Defendants and each of them have removed CMI, provided false CMI, and distributed the Infringing Works knowing that proper CMI had been removed and false CMI added, all of which concealed and facilitated the infringement by, inter alia, falsely indicating to the public that the Infringing Works were authentic or lawfully licensed. Defendants, and each of them, engaged in the foregoing knowing or having reasonable grounds to know, that such conduct would induce, enable, facilitate, and/or conceal an infringement of Plaintiff's rights.

38. Plaintiff was damaged as a result of the foregoing in an amount to be established at trial and will seek statutory damages, attorneys fees, costs, and other damages as allowed by 17 U.S.C. § 1203 and other applicable law.

## **PRAYER FOR RELIEF**

Wherefore, Eumori prays for judgment as follows:

a. That Defendants—and each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, advertising, promoting, offering for sale, selling, or otherwise trafficking in any product that infringes Eumori's copyrights in the Subject Work;

b. An order preliminarily and permanently enjoining Defendants and their officers, agents, affiliates, employees, and attorneys and all those persons acting or attempting to act in concert or participation with them, from: directly or indirectly reproducing, displaying, distributing, advertising, promoting, marketing, licensing, selling, or otherwise exploiting the Subject Work, or any substantially similar derivative thereof, without authorization; creating or using derivative works based upon the Subject Work; hosting or facilitating listings for the Infringing Works on TikTok Shop or any affiliated sites; and engaging in any further acts constituting infringement of Eumori's copyrights or otherwise violating Eumori's rights under the Copyright Act;

c. That Eumori be awarded all profits of Defendants, and each of them, plus all losses of Eumori, in the exact sum to be proven at the time of trial, and/or, if elected before final judgment, statutory damages available under 17 U.S.C. §§ 504, 1203 and any other applicable law;

d. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Eumori's intellectual property rights;

e. That Eumori be awarded its costs and fees;

f. That Eumori be awarded statutory and enhanced damages;

g. That Eumori be awarded pre-judgment interest as allowed by law; and,

h. That Eumori be awarded such further legal and equitable relief as deemed proper.

## DEMAND FOR JURY TRIAL

Eumori demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Date: August 28, 2026 By: *<u>/s/ Scott Alan Burroughs</u>*

Scott Alan Burroughs, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
For the Plaintiff